## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

GEORGE HOLLOWAY                       :
7221 Blackwell Drive                 :
Oakwood Village, OH 44146      :

                                  :

        **Plaintiff,**             :    **CASE NO.**

                                  :

    vs.                          :    **JUDGE**

                                  :    **MAGISTRATE JUDGE**

**OHIO DEPARTMENT OF**         :
**TRANSPORTATION**               :
c/o John Picuri, District Deputy Director  :
5500 Transportation Boulevard    :
Garfield Heights, OH 44125      :

                                  :    **Jury Demand Endorsed Hereon**

                                  :

        **Defendant.**           :

## COMPLAINT

NOW COMES Plaintiff George Holloway ("Plaintiff") and proffers this Complaint for damages against Defendant Ohio Department of Transportation (hereinafter "Defendant" and/or "ODOT").

## JURISDICTION AND VENUE

1. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. This action is brought pursuant to **the Ohio Laws of Discrimination, Ohio Revised Code 4112 ("Chapter 4112"), Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e** *et seq.* **("Title VII"), and 28 U.S.C. § 1331.**

3. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant has a facility in Garfield Heights, Cuyahoga County, Ohio, at which most of the events in question took place.

5. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the EEOC, a copy of which is attached hereto as **Exhibit A.**

## THE PARTIES

6. Plaintiff is a natural person residing in Cuyahoga County, Ohio.

7. Defendant ODOT is an Ohio Corporation with multiple facilities doing business in the Northern District of Ohio, with its main office located at 5500 Transportation Boulevard, Garfield Heights, Cuyahoga County, Ohio.

8. At all times relevant herein, Plaintiff was an employee of Defendant as defined by **Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Ohio Revised Code 4112.**

9. Defendant ODOT is a covered "employer" as that term is defined by **Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and by the Ohio Revised Code 4112.**

2

## FACTUAL BACKGROUND

10. Plaintiff is an African American male and is therefore within a protected class.

11. Plaintiff began working full time for Defendant in approximately 1992 and remains employed by Defendant to the present date.

12. Plaintiff was employed in August of 2022 as a Cuyahoga County Manager with Defendant ODOT.

13. While employed by Defendant, Plaintiff was qualified for, and serving as, the Cuyahoga County Manager, as evidenced by his years of work experience, academic qualifications, the receipt of a promotion during his employment with ODOT absence of disciplinary history and/or work performance issues and had no difficulty performing the essential functions of his job.

14. While employed by Defendant ODOT, Plaintiff was not subject to any significant disciplinary action and received positive feedback and good reviews.

15. Defendant ODOT is a provider of state highway transportation system services. Defendant's services include state highway maintenance; construction, and snow and ice operations.

16. Plaintiff was placed on a six-month performance improvement plan on September 12, 2022 and given five goals, during the six-month period. Plaintiff met with Nequinne Chielo bi-weekly to go over his performance related to his PIP. Each meeting they had he received nothing but negative feedback and comments which were unwelcome by Plaintiff.

17. Also, during this time frame Nequinne would schedule bi-weekly administrator meetings with Plaintiff and his counter parts where she would become very biased against Plaintiff, berate him in the presence of his fellow counterparts, while praising them. As Plaintiff stated in his filing the latest incident happened on March 23, 2023. Nequinne

3

(HMA), Darren Huggins (LRO) and Plaintiff reviewed his PIP outcomes, and it was during that time Nequinne communicated to Plaintiff that she was extending the entire PIP for an additional three (3) months.

18. Nequinne provided a very limited and vague response to support this decision. In addition, Nequinne grew angry when Plaintiff asked about updating his PIP goals to provide more clarity on expectations; and to identify objective metrics to measure his progress against each goal.

19. Not only did Nequinne refuse to update the PIP per Plaintiff's request, she acted in a hostile, aggressive manner towards Plaintiff. This had been a repeated pattern for some time, specifically targeted towards Plaintiff.

20. Plaintiff believes that this hostility and the PIP is a form of retaliation, after a previously filed grievance. Since the filing of this grievance Plaintiff's assistant has been forced to sign a demotion for not meeting his PIP, while receiving no feedback or reasoning for that determination.

21. Plaintiff was then told that the Assistant County Manager position would not be filled or replaced thus doubling his workload. Defendant also took away Plaintiff's ability to move his managers where needed, making it more difficult for him to meet his PIP.

22. Plaintiff's office location was relocated, and six of his managers that report directly to Plaintiff were reassigned to different locations without his prior knowledge or input on the discussion or decision.

23. Plaintiff's 2022 annual review was completed by Nequinne after she deleted Plaintiff's goals set by the previous HMA in September of 2022.

4

24. Chielo gave Plaintiff a new set of goals in September of 2022 and rated him in November of 2022, where he received the worst evaluation in his 31 years of service filled with negative comments, which she used to justify placing Plaintiff on a PIP.

25. Plaintiff includes this because on April 11, 2023 Nequinne held a quarterly evaluation review with Plaintiff's two white counter parts (Leo Cicirella and Tom Henderson) giving them feedback on their evaluation progress and performance, but had yet to meet with Plaintiff so he can have that same type of feedback and information on his progress.

26. During the months of May and June of 2022, the BAHR administrator Chielo approached Plaintiff on four (4) separate occasions asking Plaintiff to give up his position as County Manager to her. Each time Plaintiff declined, and then she became Plaintiff's Administrator.

27. Plaintiff contends Chielo retaliated against him with bogus discipline, along with his then minority assistant manager, putting their jobs in jeopardy.

28. Plaintiff's District Deputy Director, Highway Administrator, and Labor Relations Office/BAHR stacked bogus work rules and discipline charges against him and 3 others of his minority managers, while not holding their white counter parts to the same standards.

29. On September 16th while in a HMA meeting, Plaintiff's supervisor Nequinne Chielo would take selfies and share videos with Plaintiff's white counter parts and not include Plaintiff, which made Plaintiff feel un-welcomed, and then Chie would berate Plaintiff in front of them to the point that he felt uncomfortable, which created a hostile work environment.

30. Defendant harassed and/or retaliated against Plaintiff for engaging in protected activity, including but not limited to, communicating his concerns to management about racial

5

discrimination and harassment in the workplace, discussing his intent to file a Charge of Discrimination with the EEOC.

31. As a result, Defendant subjected Plaintiff to numerous adverse employment actions, including but not limited to, retaliating against him, subjecting him to discipline, creating false reasons for demotion and/or discipline, and/or otherwise discriminated against him in the terms, privileges, and conditions of employment.

32. As such, Defendant's reason(s) offered for Plaintiff's termination are untrue, lacked merit, and served as pretext for his demotion.

**COUNT I**
**Race Discrimination- R.C. §4112.02**

33. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

34. At all times relevant herein, Plaintiff is an African American male and therefore a member of the protected class within the meaning of Section 4112.02 of the Ohio Revised Code.

35. At all times relevant herein, Plaintiff was qualified to perform his position with Defendant.

36. The circumstances surrounding Plaintiff's job discipline support an inference of discrimination.

37. Defendant discriminated against Plaintiff because of his race by taking the following non-exhaustive list of actions: unlawful demotion and transfer of Plaintiff, retaliating against him, creating false reasons for issuing discipline and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious

6

emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

39. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
### Race Discrimination- Title VII

40. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

41. This claim is brought pursuant to 42 U.S.C. § 2000e *et seq.*, and as defined as 42 U.S.C. § 2000e *et seq.*

42. At all times relevant herein, Plaintiff is an African American male and therefore, a member of the protected class within the meaning of 42 U.S.C. § 2000e *et seq.*, and as defined as 42 U.S.C. § 2000e *et seq.*

43. At all times relevant herein, Plaintiff was qualified to perform his position with Defendant.

44. The circumstances surrounding Plaintiff's job discipline and/or demotion support an inference of discrimination.

45. Defendant discriminated against Plaintiff because of his race by taking the following non-exhaustive list of actions: demoting and transferring the Plaintiff, retaliating against him, creating false reasons for issuing discipline to him, and/or by otherwise discriminating against him in the terms, privileges, and conditions of employment.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

47.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**COUNT III**
**Retaliation – Title VII**

48.     Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

49.     Plaintiff engaged in a protected activity by communicating his concerns to management regarding racial discrimination and harassment in the workplace, and discussing his intention to file an EEOC Charge.

50.     Defendant knew Plaintiff engaged in a protected activity.

51.     Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: retaliating against him, creating false reasons for his demotion and transfer, issuing discipline to his, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

52.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

53.     Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Retaliation – R.C. §4112.02

54. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

55. Plaintiff engaged in a protected activity by communicating his concerns to management regarding racial discrimination and harassment in the workplace, discussing his intention to file an EEOC Charge, submitting a written complaint to Human Resources, among other protected activities.

56. Defendant knew Plaintiff engaged in a protected activity.

57. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: retaliating against him, creating false reasons for his demotion and transfer, and issuing discipline to his, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

59. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHERFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorney's fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial.

Respectfully submitted,

*/s/ Robert A. Pecchio*
Robert A. Pecchio (0025282)
**THE PECCHIO LAW FIRM CO., LPA**
2305 E. Aurora Rd., Ste. A-1
Twinsburg, OH 44087
Phone: (330) 963-6600
Fax: (330) 963-6650
rpecchio@pecchiolawfirm.com

*Attorney for Plaintiff George Holloway*

## JURY DEMAND

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

*/s/ Robert A. Pecchio*
Robert A. Pecchio (0025282)
**THE PECCHIO LAW FIRM CO., LPA**

10